The record furnishes us with no evidence of damages having been sustained, and none can therefore be recovered against the warrantor.    *La. Code, art.* 2482.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and proceeding here to give such judgment, as ought in our opinion to have been rendered below, it is further ordered, adjudged and decreed, that the plaintiff recover, and be put in possession of the tract of land, described in his pitition, with costs.    And it is further adjudged and decreed, that the defendant Corcoran, recover of his warrantor, James Mooney, the sum of four thousand dollars, together with all the costs of this suit, in the District Court, that the sale of Mooney to Corcoran, of the land in controversy, be cancelled and annulled, and that the appellee Corcoran, pay the costs of the appeal.

═══════════

## VINCENT *vs.* MICHEL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

A right of servitude which rests solely on the acquiescence of the plaintiff, in the burden imposed on his property, by suffering, without complaint, the *drip* from the defendant's house to fall on his lot or grounds for ten years and upwards, is acquired by prescription.

Where the possession or continuation of the servitude of right of *drip*, from the eaves of A's house on the lot of B, is proven to have existed more than ten years, B is barred from bringing his action of damages, or to abate it as a nuisance, against A.

An alteration, within the time allowed to acquire a servitude by prescription, which is made in the eave of the roof of the house of A, and which had a tendency to lighten the burden of the servitude, is *not considered* as an interruption, so as to prevent prescription from running.

WESTERN DIST.
*August*, 1834.

VINCENT
*vs.*
MICHEL.

This is an action commenced against the defendant, to compel him to abate a certain nuisance, and for damages sustained by the plaintiff, in consequence of its continuation.

The plaintiff states, that the lot of defendant is adjoining his, in the town of Baton Rouge, on which the former has erected his kitchen, so that the water falls from the roof into his lot, and runs on his house and kitchen, thereby causing great decay, injury and damages, by dampness and unhealthiness; and that the defendant has also erected a necessary, immediately adjoining the residence of the plaintiff, which nuisances occasion him great disquietude, and damage to the amount of three hundred and fifty dollars. He further alleges, that the defendant has been amicably requested to remove said nuisances, but has refused and failed to do so. He prays judgment for his damages, and that the defendant be condemned to remove his buildings, so as to prevent the *drip* therefrom from falling on his premises; and to abate the nuisance.

The defendant pleaded a general denial. He averred that the plaintiff, by planting pickets at each end of his kitchen, on defendant's lot, had prevented the water from running off, and which caused injury to his houses by decay, &c. That the plaintiff prevented his workmen from making repairs on his own premises, by reason of all of which injuries, he has sustained damage to the amount of five hundred dollars; for which he prays judgment in reconvention, &c.

This suit was instituted in May, 1833. The plaintiff alleges, that he had been disturbed and disquieted in the enjoyment of his residence by defendant, who, since the 2d March, 1830, had erected the nuisances complained of.

WESTERN DIST.
*August*, 1834.

VINCENT
*vs.*
MICHEL.

The evidence showed, that the water had continued to run from the eaves of the defendant's house on to the lot and premises of the plaintiff for a number of years: about ten or twelve years, the witness stated. But a short time before suit, the defendant had altered the roof and eaves of his house, so as to throw the water in some manner different from what it had previously done.

The defendant, on the trial, interposed the plea of the prescription of one and ten years against the plaintiff's demand and right of action.

The cause was, on these pleadings and the evidence adduced by the parties, submitted to a jury, who returned a verdict *"for the defendant by prescription."* After an unsuccessful attempt on the part of the plaintiff, to obtain a new trial, judgment was rendered in conformity to the verdict, from which the plaintiff appealed.

*Brunot*, for the plaintiff, contended, that the finding of the jury by prescription, is contradicted by the acts of the defendant, in which, it is admitted, he had no title to the servitude of drip, or, if he even had, that he had renounced it, by causing the roof of his house to be sawed off. *La. Code,* 3486.

2. The servitude of drip cannot be acquired, and title claimed to it by prescription. *La. Code,* 694, 707.

3. A servitude, if acquired, may be lost by a tacit admission of right. *La. Code,* 779.

4. This could and should set *aside* a verdict, when it is not supported by the evidence. 1 *La. Reports,* 174. 2 *Ibid.* 396. 3 *Ibid.* 353, 361.

*R. & A. N. Ogden, contra.*

A right of servitude which rests solely on the acquiescence of the plaintiff, in the burden imposed on his property, by suf-

*Mathews, J.,* delivered the opinion of the court.

This is an action for damages, and to cause the defendant to abate certain nuisances, of which the plaintiff complains as interrupting him in the quiet and comfortable possession and enjoyment of his property. There was judgment for the

defendant in the court below, founded on a verdict of a jury to which the cause had been submitted, and the plaintiff appealed.

The case involves a right of servitude, as claimed by the defendant. The parties are separate owners of urban property, situated in the town of Baton Rouge, adjoining. The servitude claimed, is a right of drip from the house of the appellee on the lot of the appellant.

The verdict of the jury in favor of the former, is based on prescription. The record affords proof of the water having flowed from the roof of the defendant's house, on the land of the plaintiff, for ten or twelve years previous to the institution of the present action, in the same manner in which it did at that period.

In the present case, no written evidence of title is shown on the part of the appellee, by which he claims the servitude in question. His right of servitude rests solely on the acquiescence of the plaintiff in the burden imposed on his property, by suffering for ten years and upwards, without complaint, the drip from the defendant's house to fall on his lot.

The 761st article of the Louisiana Code provides, that "continuous and apparent servitudes may be acquired by title or by a possession of ten years, if the parties be present, and twenty years if absent." A possession or continuation of the servitude claimed in the present instance, is proven to have existed more than ten years before this suit was brought. We are, therefore, of opinion, that the verdict of the jury is supported by the evidence of the case, as no interruption to the possession of this servitude is shown on the part of the plaintiff: for, we do not consider the alteration made in the eave of the roof of the house of the appellee, which had a tendency to lighten the burden of the servitude, as an interruption.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Margin notes:*

WESTERN DIST. *August*, 1834.

VINCENT *vs.* MICHEL.

fering, without complaint, the *drip* from the defendant's house to fall on his lot or grounds for ten years and upwards, is acquired by prescription.

Where the possession or continuation of the servitude of right of *drip* from the eaves of A's house, on the lot of B, is proven to have existed more than ten years, B is barred from bringing his action of damages, or to abate it as a nuisance, against A.

An alteration, within the time allowed to acquire a servitude by prescription, which is made in the eave of the roof of the house of A, and which had a tendency to lighten the burden of the servitude, is *not considered* as an interruption so as to prevent prescription from running.