337 So.2d 313 (1976)
Carrol P. NUCKOLLS, Plaintiff-Appellant,
v.
LOUISIANA STATE HIGHWAY DEPARTMENT et al., Defendants-Appellees.
No. 12995.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
*314 James B. Wells & Associates by A. R. Snell, Bossier City, for plaintiff-appellant.
Wallace & Southerland by James D. Southerland, Benton, for defendant-appellee Town of Plain Dealing.
Marshall W. Wroten, Robert J. Jones, Sharon P. Frazier, David K. Balfour by David K. Balfour, Baton Rouge, for defendant-appellee Louisiana Department of Highways.
Mayer, Smith & Roberts by Caldwell Roberts, Shreveport, for defendant-appellee Curtis Gleason.
Before BOLIN, PRICE and JONES, JJ.
PRICE, Judge.
Carrol Nuckolls brought this action against Curtis Gleason, the Louisiana State Department of Highways, and the Town of Plain Dealing seeking injunctive relief and damages for flooding of his property. Nuckolls alleges the damages were caused by the defendants' unauthorized alteration of the natural drain of rain waters causing the overflow onto his property.
The Department of Highways and the Town of Plain Dealing filed an exception of liberative prescription of two years. Gleason and the Town filed an exception claiming a servitude of drain on Nuckoll's property by ten year prescription.
The exceptions were sustained, and Nuckolls has appealed from the judgment dismissing his demands against all defendants.
In 1948, Nuckolls inherited approximately three acres of land fronting on Louisiana Highway Three in Plain Dealing. Gleason owns the property immediately west of the plaintiff's land. In 1955, Gleason landscaped his land and constructed an artificial ditch which terminated at the southeast corner of his land (or the southwest corner of Nuckolls' lot). Louisiana Highway Three intersects with Louisiana Highway Two approximately one block south of Nuckolls' tract. There is a culvert, constructed in 1954 by the Department of Highways, crossing under Highway Two about onetenth of a mile west of the intersection. The culvert drains a surface water ditch constructed by the Highway Department on the south side of Highway Two and utilized by the Town of Plain Dealing for disposal of surface water drainage from the southwest area of the Town. The culvert empties into a ditch on the north side of the highway located on the property of Mrs. Natalie Denmon, immediately south of plaintiff's property. Nuckoll's tract receives the overflow of waters from both the Gleason land and the Highway Department's culvert.

THE EXCEPTION OF LIBERATIVE PRESCRIPTION OF TWO YEARS
The Department of Highways and the Town of Plain Dealing rely on the prescription provided by LSA-R.S. 9:5624:
When private property is damaged for public purposes any and all damages are prescribed by the prescription of two years which shall begin to run when the damages are sustained.
Although Nuckolls admits he was aware of the flooding of his property on several occasions during 1972, he waited for a period in excess of two years to file this action in February, 1975. He contends, nevertheless, that he is not barred by the provisions of this statute as prescription was interrupted by repeated floods on his property continuing *315 through the latter part of 1973 which is within two years of the filing of suit. Louisiana recognizes continual interruption of tort claims provided there is a single operative cause for all the damages. See e. g., Devoke v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816 (1947), and Florsheim v. Department of Highways, 201 So.2d 155 (La.App. 2nd Cir. 1967). However, in the instant case the floods were distinct, separate events rather than a single cause. Prescription was not interrupted by successive flooding.
Nuckolls also contends that prescription under LSA-R.S. 9:5624 runs anew from each separate damage. Since the last flood was sometime late in 1973, he contends prescription has not run at least as to the damage caused by this flood.
The statute declares that an action for "any and all damages" must be brought within two years from the time "damages are sustained." The purpose of the statute is to limit the exposure of the state and its political subdivisions to liability in connection with the construction of public works to a reasonable period of time. The language employed when construed in the light of the purpose of the statute precludes any suit being brought after two years from the first occurrence of any damage after the completion of the public works. Therefore, the exceptions of prescription of the Department of Highways and the Town of Plain Dealing grounded on LSA-R.S. 9:5624 are affirmed.

THE CLAIMS TO A SERVITUDE OF DRAIN
Gleason and the Town of Plain Dealing contend they acquired a continuous apparent servitude of drain on Nuckolls' property under Article 765 of the Civil Code which provides that "continuous and apparent servitudes may be acquired by title, or by a possession of ten years."
Since the Town of Plain Dealing has been absolved of liability by the sustaining of its exception of prescription based on LSA-R.S. 9:5624, there is no necessity to consider its claim to the servitude of drain.
Gleason carried out the landscaping on his property in 1955, which contributed to the periodical flooding of Nuckolls' lot. This is more than ten but less than thirty years prior to the filing of this suit. Whether he has acquired the servitude of drain depends upon the effect Article 3504 of the Civil Code has upon the interpretation of Article 765. Article 3504 provides:
A continuous apparent servitude is acquired by possession and the enjoyment of the right for thirty years uninterruptedly, even without a title or good faith.
Nuckolls contends that to give meaning to both articles, the provisions of Article 765 can only apply to a person in legal good faith; that is to say a person claiming to have a "just" title. He contends that as Gleason was without title, he could not be in good faith, and therefore, could only acquire the servitude by the prescription of thirty years under Article 3504.
There is one line of cases indicating that a servitude of drain may be acquired by a lapse of ten years without regard to title or good faith under Article 765. Hale v. Hulin, 130 So.2d 519 (La.App. 3rd Cir. 1961).
Other cases indicate some type of good faith is necessary to acquire this servitude by the prescription of ten years. Kennedy v. Succession of McCollam, 34 La.Ann. 568 (1882). The Supreme Court in Kennedy discussed the relationship between Articles 765 and 3504 as follows:
There is no antagonism between the two articles: that which refers to the prescription of ten years, relates to those cases in which good faith is required, the other, which mentions the prescription of thirty years, concerns the cases in which no good faith is required and, therefore, applies to those where the possession is even characterized by bad faith.
Subsequent cases following the rationale of Kennedy have not clearly defined the standard of good faith required. The Fourth *316 Circuit Court of Appeal defined the good faith requirement of Kennedy in its decision in Blanda v. Rivers, 210 So.2d 161 (La.App. 4th Cir. 1968), as follows:
* * * Thus, a distinction is apparent that the ownership of the estate is one thing, and the charge laid on an estate in favor of another estate is a quite different thing. Obviously, therefore the requirement of possession by an act sufficient in terms to transfer property in article 503 dealing with ownership of the estate, need not necessarily apply to the acquisition of a charge against the estate. LSA-C.C. arts. 3484, 3485, and 3486, defining "just title," relate to titles of ownership of property which must be based on an instrument in writing. A servitude is not the subject of ownership apart from the ownership of the dominant estate. LSA-C.C. arts. 648, 652 and 654. Since it is at most a charge laid against an estate in favor of another estate, it is a right of different character from the right of ownership. This distinction appears to have been considered by the Supreme Court in holding that a real or predial servitude can be established by parol evidence. Therefore there is no logic in the argument that the possession required by article 765 should be preceded by an act translative of title, upon which legal good faith must always be predicated. Rather it appears that in the acquisition of servitudes only simple or moral good faith is necessary, without a "just title." * * *
Under the Kennedy and Blanda decisions, Gleason's estate has acquired the servitude of drain provided Gleason was in moral good faith at the time he performed the work on his property giving rise to this dispute.
There is a presumption that Gleason was in good faith provided by Civil Code Article 3481. Good faith is a subjective concept to be evaluated according to the peculiar facts of each case. As Gleason did not receive any complaint from the owner of the adjacent Nuckolls' estate during the ten years following the landscaping which allegedly caused additional drainage on the Nuckolls' tract, he was therefore in sufficient moral good faith to acquire the servitude of drain. See Vincent v. Michel, 7 La. 52, 55 (1834).
Nuckolls further contends that although he is denied damages because of prescription, he is nevertheless entitled to the injunctive relief prayed for.
As the Gleason estate has acquired the servitude of drain, Nuckolls has no right to enjoin the enjoyment of the servitude.
Injunctive relief is a much harsher remedy than the award of monetary damages. To grant such relief against the Department of Highways and the Town of Plain Dealing under the circumstances of this case would in effect circumvent the intent of LSA-R.S. 9:5624. The injunction requested was therefore properly denied.
The judgment appealed is affirmed at appellant's cost.