459 So.2d 1228 (1984)
Linda Scogin, Wife of/and Robert M. CARBO, Beulah Scogin, Widow of T.L. Bishop and Lillian Pichon, Widow of Robert L. Scogin
v.
The Honorable Webb HART, Mayor of/and the City of Slidell.
No. 83-CA-0799.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied January 14, 1985.
*1229 Harold M. Wheelahan, III, New Orleans, for plaintiffs, appellants.
J. Michael Johnson, New Orleans, for defendants, appellees.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
The plaintiffs, Robert Carbo, Linda Scogin Carbo, Beulah Scogin Bishop and Lillian Pichon Scogin, brought this action for damages against the City of Slidell and its Mayor, Webb Hart. The plaintiffs later amended their petition to name as additional defendants, Insurance Company of North America and International Surplus Lines Insurance Company. Plaintiffs alleged that they were owners of property located in St. Tammany Parish, immediately adjacent to the corporate limits of Slidell. The damages sought are alleged to have resulted from flooding caused by Slidell in connection with work on a man-made drainage canal known as "W-14." That canal generally traverses the western edge of plaintiffs' property on the border of the Slidell corporate limits.
Defendants Slidell and Insurance Company of North America moved for summary judgment based upon a claim that plaintiffs' action had prescribed. The trial court granted the motion and rendered judgment decreeing that "all allegations of damages beyond June 1, 1979, that is two years from the filing date of this lawsuit, are prescribed and are herewith dismissed at plaintiffs' costs."
Plaintiffs appeal the judgment of the district court, asserting that the motion for summary judgment was erroneously granted because the court applied the incorrect prescriptive period and because there were disputed issues of material fact.[1]

APPLICABLE PRESCRIPTION
The trial court did not render reasons for judgment. However, in the judgment itself the court indicated its conclusion that LA-R.S. 9:5624 was applicable to plaintiffs' action. That statute provides as follows: "When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained."
*1230 Plaintiffs assert that they are the owners of a predial servitude of drain and that their servitude was violated by defendants' action. They assert that the ten-year prescriptive period of article 753 of the Louisiana Civil Code applies to their action. That article provides that "[a] predial servitude is extinguished by nonuse for ten years." The plaintiffs assert that this ten-year prescriptive period applies to their action for damages.
Plaintiffs reliance upon article 753 is misplaced. The ten-year prescriptive period of that article applies to abandonment of a predial servitude for nonuse. It has no application to a claim for damages asserted by a person entitled to the servitude. Plaintiffs' petition seeks money damage for injuries to property alleged to have been caused by a violation of their servitude. The ten-year prescriptive period of article 753 has no application to such an action and the trial court committed no error in refusing to apply that article.

PROPRIETY OF SUMMARY JUDGMENT
Plaintiffs' petition was filed on June 3, 1981. The petition as amended sought damages for flooding that allegedly began nearly ten years prior to the filing of the petition. In rendering summary judgment for defendants of Slidell and Insurance Company of North America, the trial court concluded that plaintiffs would be limited to damages incurred within two years of the filing of the petition.
Under Louisiana law, the prescriptive period for torts commences on the day the plaintiff knew or should have known that he has sustained some damage. Thus, prescription begins to run on the date that the damage becomes apparent. Dean v. Hercules, Inc., 328 So.2d 69, 73 (La.1976); See also Henson v. St. Paul Fire and Marine Insurance Company, 363 So.2d 711, 713 (La.1978).
Plaintiffs' petition and their depositions indicate that the flooding problems complained of were apparent to plaintiffs long before their suit was filed. Plaintiffs' petition alleges that the City of Slidell undertook work on the canal known as "W-14" approximately ten years prior to filing of the suit. The petition alleged repeated floodings of plaintiffs' homes and property as a result of that work, and subsequent work, allegedly performed by the City of Slidell. Plaintiffs also alleged that they immediately demanded correction of the work performed by the City of Slidell but that no action was taken.
Furthermore, the depositions of Linda and Robert Carbo revealed that the cause of the flooding problem was apparent to the plaintiffs. Linda Carbo's deposition contains the following testimony:
Q. Did you attribute the flooding back in in 1974 to some problem with the W-14 canal?
A. Yes, it was very simple to see. The W-14 canal, I could stand there and watch it overflow as it rained. It couldn't carry the water.
Q. That's when you called the city officials and police jurors?
A. Yes, I did.
Q. You wanted them to remedy the problem at that point; is that correct?
A. Yes, I did.
This knowledge of the cause of the flooding was shared by Robert Carbo, as indicated by the following exchange from his deposition:
Q. Do you share your wife's opinion that the cause of the flooding is the W-14 canal not being big enough?
A. Definitely.
Thus, the flooding of plaintiffs' homes and property and its apparent source, had to have been apparent to plaintiffs at least as early as 1974.
Plaintiffs argued that prescription did not begin to run on their damage claims because they were unable to determine until shortly before the petition was filed whether the City of Slidell or the Parish of St. Tammany had jurisdiction over the W-14 canal. The deposition of Linda Carbo reveals that plaintiffs made a number of *1231 complaints to Slidell and St. Tammany Parish officials after they experienced flooding on their property in 1974. Clearly, plaintiffs had the necessary knowledge at that time to bring a lawsuit for damages against either the City or Parish or both. The fact that plaintiffs did not know to an absolute certainty, indeed may never know, whether either or both units are responsible for flooding from the W-14 canal did not serve to interrupt the running of prescription.
Finally, plaintiffs assert that repeated incidents of flooding of their property served to interrupt the running of prescription on their damage claims. That same contention was rejected in Nuckolls v. Louisiana State Highway Department, 337 So.2d 313 (La.App. 2nd Cir.1976), a decision involving a factual situation similar to the instant case. In that action Nuckolls brought suit against an adjacent property owner, the Town of Plain Dealing and the State Highway Department, seeking injunctive relief and damages for flooding of his property. Nuckolls contended that the defendants had altered the natural drain of rainwater, causing overflow on to his property. In 1955, the Highway Department had constructed a culvert to drain a surface water ditch adjacent to Nuckolls' property. Nuckolls filed suit in 1975, over two years after he had become aware of the flooding problem.
The Highway Department and Town of Plain Dealing filed an exception of prescription based upon the provisions of LA-R.S. 9:5624. Nuckolls maintained that prescription had been interrupted by the repeated flooding of his property through the latter part of 1973. The court rejected that argument and sustained the exception of prescription.[2]
The pleadings and depositions in the instant case clearly demonstrate that the flooding experienced by plaintiffs consisted of a number of separate and distinct events. Thus, the running of prescription was not interrupted by the successive flooding. The trial court correctly held, therefore, that all of plaintiffs claims for damages occurring earlier than two years before the filing of plaintiff's lawsuit had prescribed.
For the foregoing reasons, the judgment of the district court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] This case does not present the usual clash of affidavits present in most summary judgment cases. Defendants submitted no affidavits in support of their motion for summary judgment but relied upon the pleadings and the depositions of the Plaintiffs. Plaintiffs submitted only one affidavit, that of Linda Scogin Carbo and it did not contradict any of the deposition testimony. Although plaintiffs assert in their assignments of error that there were disputed issues of material fact they actually argued that the facts established did not entitle defendants to summary judgment.
[2] We note that the Nuckolls court affirmed the dismissal of the plaintiff's entire action, including his claim for damages sustained within two years of his filing suit, saying that LSA-R.S. 9:5624 "precludes any suit being brought after two years from the first occurrence of any damage after completion of the public works." 337 So.2d at 315 (emphasis added). But see Young v. International Paper Co., 179 La. 803, 155 So. 231 (1934) (holding that prescription is not suspended by the fact that damage was continuous, but ran on each item from the date it was inflicted).

In the instant case, defendants have not sought modification of that portion of the district court's judgment allowing plaintiffs to proceed with their claims for damages that occurred within two years of the filing of their petition. Accordingly, this court has no authority to review that portion of the judgment. LSA-C.C.P. art. 2133.