YELVERTON, Judge.
This is an appeal from the dismissal, on an exception of prescription of two years, of a trespass action brought by Russell J. Myers against the Iberia Parish Council for unauthorized ditch work on plaintiff’s land. The trial court found, after a trial on the merits, that the work was done in March 1981, that suit was not filed until March 1984, and that the two year prescription of LSA-R.S. 9:5624 applied. We affirm.
Plaintiff was represented at trial by an attorney, but on this appeal he represents himself. In his briefs and other pleadings presented to us, plaintiff has raised a number of issues. Because we find that the trial court was correct in sustaining the exception of prescription, the exception is the only issue we will address.
The prescription facts show that in March 1981, the Iberia Parish police jury gave a work order to the Parish Superintendent to clean up a ditch. The ditch ran across plaintiff’s property. During that month the parish workmen entered the property and did the work. The parish did not get plaintiff’s permission. By July 1981 plaintiff was aware of what had happened to his property.
On March 13, 1984, he filed the present suit alleging damage seeking loss of aesthetic value, the cost of refilling the ditch, erosion damage, and loss of earnings, as well as punitive damages, attorney’s fees and interest. Defendants filed an exception of prescription on April 24,1984, which was subsequently denied.
The case was tried on its merits. Plaintiff’s witnesses testified that the parish workmen dug a new ditch across his property, there never having been a ditch there before the parish’s unlawful entry. However, several parish employees testifying for the defendants, stated that they had been ordered to clean out an existing small ditch on plaintiff’s property, and that that was all they did. One of these witnesses testified that he had surveyed the property in 19'71, and that there was a small ditch running across the back of the property then.
Although the case was tried on its merits, it was not decided on its merits, because at the conclusion of the trial defendants reurged their exception of prescription, and the trial court granted the exception, dismissing plaintiff’s claim. He gave the following reasons:
“The defendant has reurged its exception of prescription based upon the fact that the complained of act occurred on March 21, 1981, and that the plaintiff did not file this suit until March 13, 1984. According to Louisiana Revised Statutes *1179 9:5624, the plaintiff has two years within which to bring an action such as this, and he failed to do so. Revised Statutes 9:5624 says:
‘When private property is damaged for public purposes, any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained.’
“At the hearing on the exception of prescription, the Court was of the opinion that the continuing tort as described in South Central Bell Telephone vs. Texaco, Inc., 418 So.2d 531 (La.1982) may be applicable and dismissed the exception, feeling there was not sufficient evidence to warrant a full ruling. In the instant case, however, the plaintiff has complained of one act, and that act is the one which occurred on March 24, 1981.
“It now appears that the facts of this case warrant the application of the case of Patin vs. Stockstill, 315 So.2d 868 (La.App. 1st Cir.1975), wherein the State built a roadway across the plaintiffs property. The appellate court held that the prescription began to run once the owner received knowledge of the damage or wrongful act. It stated that, ‘The continued existence of the road across the plaintiffs property does not cause suspension of prescription after knowledge by the owner.’
“Another case on a similar vein is that of Boudreaux vs. Terrebonne Parish Police Jury, 422 So.2d 1209 (La.App. 1st Cir.1982), wherein they stated:
‘The continued existence of a construction unlawfully placed on land by virtue of trespass does not suspend or interrupt this prescriptive period.’
“The plaintiff in this case has shown he had knowledge of the traversing of his property by the defendant shortly after it had occurred. While the defendant may have tried to alleviate the situation, they never acknowledge]^] that the prescription against it would [not] be running. The assertion of a claim against the Council is not the same as the assertion of a claim in court. The prescriptive periods are provided for by the laws of this state in order to set at rest claims which may be stale. In this case, the Legislature has provided that if a lawsuit has not been filed within two years from the time the incident occurred, then the case should be dismissed.
“The evidence is unfortunately clear that almost three years elapsed from the time of the March 21, 1981, incident and that the plaintiff was well aware of it shortly thereafter. He tried to seek redress by petitioning to the public bodies, which he certainly had a right to do, but he was unsuccessful. It is the finding of this Court that he waited too long to present his claim by filing his petition in the Sixteenth Judicial District Court, therefore, unfortunately, it has prescribed.” (Bracketed inserts supplied to correct obvious typographical errors.)
In Nuckolls v. Louisiana State Highway Department, et al., 337 So.2d 313 (La.App. 2nd Cir.1976), the court, in discussing the cited statute stated:
“The statute declares that an action for “any and all damages” must be brought within two years from the time “damages are sustained.” The purpose of the statute is to limit the exposure of the state and its political subdivisions to liability in connection with the construction of public works to a reasonable period of time. The language employed when construed in the light of the purpose of the statute precludes any suit being brought after two years from the first occurrence of any damage after the completion of the public works. Therefore, the exceptions of prescription of the Department of Highways and the Town of Plain Dealing grounded on LSA-R.S. 9:5624 are affirmed.”
(Emphasis ours.)
The interpretation afforded the cited statute in Nuckolls, supra, was adopted and followed in Broussard v. Booth, 446 So.2d 974 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1357 (La.1984); Boudreaux *1180 v. Terrebone Parish Police Jury, cited above in the quotation from the trial court’s opinion; Carlo v. Hart, 459 So.2d 1228 (La.App. 1st Cir.1984), writ denied, 462 So.2d 654 (La.1985); and, Mississippi River Transmission Corp. v. Tabor, 757 F.2d 662 (5th Cir.1985).
After a careful review of the record and the evidence, we are satisfied that the parish council did the work — either cut a new ditch or cleared an old one — in March 1981. Plaintiff was aware of this .operation no later than July 1981. Any damage suffered occurred when the ditch was cut or cleaned. Suit was not filed until three years later. Nothing happened to interrupt or suspend the running of prescription. The trial court properly sustained the plea of prescription of two years.
For these reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.