WATKINS, Judge.
The plaintiff-appellant Mrs. Beulah S. Dwyer is a 72-year-old widow who owns and lives on an 11-acre tract of land fronting on Lovett Road in the Parish of East Baton Rouge, Louisiana. On June 12, 1986, plaintiff brought an action for permanent injunction and damages against several owners of land situated near her property and against the City-Parish Government of the Parish of East Baton Rouge and the City of Baton Rouge, through its Department of Public Works.
In her original petition, plaintiff alleged, inter alia, that the defendant landowners were illegally discharging the effluent from their sewage disposal systems onto her property, and that the effluent was noxious, polluted, malodorous, and damaging to her property and her personal sensibilities.
*896 The petition also alleges various acts by some of the landowners and by the City-Parish which have increased the natural flow of surface waters onto her land.
Exceptions of prescription were filed by the individual defendants, which were sustained by the trial court, and plaintiff has perfected this devolutive appeal. In support of their exceptions, the individual defendants argued to the trial court:
All of the defendants, with the exception of the City/Parish, own land in the vicinity of plaintiff’s property. The plaintiff is claiming that the defendant landowners wrongfully discharged sewage effluent from their disposal systems onto her property. The manner in which this waste is allegedly diverted onto the plaintiffs property is through the channeling of waste and rain water in directions which ultimately take it through a cross ditch on the plaintiffs property and into a canal on the other side of the plaintiffs property.
The plaintiff has also claimed that the City/Parish is responsible for these damages because it wrongfully placed a culvert under a road running between the properties of some of the defendants. This road also runs in front of the plaintiffs residence. The plaintiff has alleged that this culvert increased the flow of drainage water through the plaintiff’s property and therefore made possible the diversion of additional sewerage effluent onto the plaintiff’s property. The plaintiff stated in her deposition that she and her husband first became aware of the fact that sewerage effluent flowed through this ditch across their property in the 1960s.
[[Image here]]
It is the position of the defendants ... that the claims which the plaintiff has alleged, if they ever existed at all, no longer exist due to the doctrine of prescription. These claims have expired through the operation of Louisiana Civil Code Articles 3492, and 3493 and/or Louisiana Revised Statute 9:5624.
The trial court ruled in favor of the individual defendants and dismissed all of the plaintiff’s claims against them.[1]
The only error urged on this appeal is the dismissal of the plaintiff’s action against the individual landowners on the grounds of prescription.[2]
The Louisiana Civil Code articles[3] relied upon by the defendants are:
*897 LSA-C.C. art. 3492.
Delictual actions are subject to a liber-ative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
LSA-C.C. art. 3493.
When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.
A thorough analysis of Mrs. Dwyer’s cause of action against her neighboring landowners is necessary to determine if the trial court erred in granting the exceptions of prescription.
The plaintiff alleges that the landowners are “illegally discharging the effluent from their sewage disposal systems” onto her property and that the effluent is “noxious, polluted, [and] malodorous.” These factual allegations state a cause of action under LSA-C.C. art. 667.
“Civil Code article 667 establishes an obligation of vicinage, a limitation on the use of property.” Butter v. Baber, 529 So.2d 374, 377 (La.1988). Article 667 reads as follows:
Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.
The word “effluent” is defined as “something that flows out.” Webster’s New Collegiate Dictionary (1977). In a properly functioning sewage disposal system, the effluent, if any, should not be noxipus and malodorous. The factual allegations suggest that either the systems are malfunctioning or inadequate. By maintaining such systems, the defendant landowners may either be causing damage to the plaintiff’s property or depriving her of enjoying her own property.
The one year prescriptive period set forth in LSA-C.C. art. 3493 is applicable when the damages alleged under LSA-C.C. art. 667 are caused to immovable property. Ordinarily the prescriptive period commences to run from the day the owner of the immovable acquired, or should have acquired knowledge of the damage. However, “[w]here the cause of the injury is a continuous one giving rise to successive damages, prescription dates from cessation of the wrongful conduct causing the damage.” South Central Bell Telephone Company v. Texaco, Inc., 418 So.2d 531, 533 (La.1982). Since the wrongful acts of the defendants are alleged to be continuing and recurring, the prescriptive period has not yet begun to run.
Accordingly, we vacate the judgment of the trial court sustaining the landowner-defendants’ exceptions of prescription, and remand the case for trial on the merits. Thus, plaintiff will have her day in court to prove her damages, if any, and to prove the cause of her damages. It may well be that the defendants will be able to refute any evidence of damages created by them, and to prove, as they contend upon this appeal, that they are entitled to a servitude of drain by reason of acquisitive prescription.[4] Costs of this appeal are assessed against the appellees.
*898 JUDGMENT VACATED AND CASE REMANDED.

.The trial judge gave the following reasons for judgment.
Prior to 1968 plaintiff was aware that sewerage [sic] had been discharged by the neighbors into a drainage ditch which ultimately flowed across her property. This had been the natural drainage for many years prior to 1968.
The City-Parish placed a culvert under a road running between these properties which increased the flow of drainage of both water and sewerage [sic]. Plaintiff alleges that the discharging of sewerage [sic] by the individual defendants results in a continuous delict which has not prescribed. The Court sustained the exception of prescription filed by the individual defendants.
The "act of man” which rendered this servitude of drain more burdensome was the act of the City-Parish in installing a culvert. The individual defendants did not perform any acts within one year prior to filing suit which resulted in a greater burden to plaintiff’s ser-vient estate. The Comí; does not feel that the individual defendants have committed any delictual acts but if they have, the prescriptive period has elapsed.

. On June 11, 1987, plaintiff filed am amended petition alleging trespass by the City/Parish, subsequent to the date of filing her original petition. The City/Parish was not one of the exceptors, and no part of the plaintiff’s claim against the City/Parish is before us on this appeal.

. We need not address the appellees’ contentions concerning when prescription under LSA-R.S. 9:5624 begins, because we conclude that that statute is not applicable to the plaintiff’s claims against the individual landowners. The statute provides a two-year prescriptive period for an action for damages when private property is damaged for public purposes. This prescriptive period is not applicable when the act causing the damages was not an intentional and necessary consequence of a public purpose construction project. See Summerville v. Missouri Pacific R.R. Co., 509 So.2d 639 (La.App. 3d Cir.), writ denied, 512 So.2d 437 (La.1987). Furthermore, we are not convinced that the individual defendants, as contrasted with a public defendant, are entitled to plead the protection of this statute. The purpose of LSA-R.S. 9:5624 is to place a reasonable time limit on the exposure of the state and its political subdivisions to liability in connection with the construction of public *897 works. Nuckolls v. Louisiana State Highway Dept., 337 So.2d 313 (La.App. 2d Cir.1976).

. It is noted in Corpus Juris Secundum that the general rule is that a right to maintain a nuisance cannot he acquired by prescription. However, distinctions are made between public nuisances and private nuisances that limit the general rule. A person may acquire by prescription the right to maintain a private nuisance, even though the same objectionable conditions also constitute a public nuisance. However, there are few cases in which such a right can be established. 66 C.J.S. Nuisance §§ 90, 91, p. 849 (1950).
The trial judge did not make it clear whether he was sustaining the exceptions on the grounds of acquisitive prescription as well as Iiberative prescription. Although it is within the discretion of the trial court to decide a claim of acquisitive prescription prior to trial on the merits, it is customary to refer the plea to the merits. Montgomery v. Breaux, 297 So.2d 185 (La. 1974). In the instant case our review of the record convinces us that there is no evidence to support sustaining a peremptory exception of acquisitive prescription. Although the appellees urge acquisitive prescription on appeal, we cannot affirm the judgment of the trial court on this basis.