188 So.2d 746 (1966)
FREESTATE INDUSTRIAL DEVELOPMENT COMPANY, Plaintiff-Appellant,
v.
T. & H., INC. and City of Shreveport, Defendants-Appellees.
No. 10612.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1966.
Rehearing Denied August 4, 1966.
*747 Cook, Clark, Egan, Yancey & King, Shreveport, for appellant.
Nelson & Evans, Shreveport, for appellee T. & H. Inc.
John Gallagher, Shreveport, for appellee City of Shreveport.
Before GLADNEY, AYRES, and BOLIN, JJ.
GLADNEY, Judge.
This action seeks injunctive relief to prohibit defendants from altering the natural pattern of surface drainage so as to cause the drainage from defendant's property to flow upon and across the property of plaintiff. By an alternative demand plaintiff prays for compensatory damages should the court refuse to issue the injunction prayed for in the primary demand. Defendants filed a peremptory exception pleading the prescription of one year, based on Articles 3536 and 3537 of the Louisiana Revised Civil Code, which was submitted without the taking of evidence and considered by the court prior to a hearing on the injunction. The judgment sustained the plea of prescription and dismissed the demands of plaintiff but only as to the alternative demand for damages. From this judgment plaintiff has appealed.
Freestate Industrial Development Company and T. & H. Inc., own adjacent tracts of land in Caddo Parish, Louisiana, with plaintiff's property lying on the east of defendant's tract. Prior to April, 1964 there was a ridge on defendant's property west of and near the common boundary line which caused the major portion of the surface drainage on that tract to flow to the west, away from plaintiff's tract. In March and April of 1964, pursuant to a subdivision plat filed by defendant on April 12, 1961, defendant began and completed certain improvements on its property. These improvements included the construction of streets and a storm drainage system.
Plaintiff contends that these developments altered the natural drain pattern on defendant's property thereby causing its surface water to flow to the east onto plaintiff's property. On May 7, 1965 this suit was filed for a mandatory injunction ordering defendant to remove all works placed on defendant's property; to close and to remove the storm drainage conduits discharging water upon plaintiff's property; and to restore the natural surface drainage as it existed prior to defendant's acts. In the alternative plaintiff demanded compensatory damages.
The only issue presented herein is whether the prescriptive period of one year is applicable to plaintiff's alternative demand for compensatory damages.
Articles 3536 and 3537 of the Louisiana Revised Civil Code establish a one year prescriptive period for quasi offenses and for quasi offenses causing damage to land. The jurisprudence interpreting these articles has formulated the rule that prescription accrues from the date the landowner had reasonable cause to believe that his property had been damaged, and such prescription attaches to each tortious act. Where there is recurring or continuous damage prescription accrues from the date of completion of each act that precipitates such damage. Griffin v. Drainage Commission of New Orleans, 110 La. 840, 34 So. 799 (1903); Spyker v. International Paper Co., 173 La. 580, 138 So. 109 (1931); Rhodes v. International Paper Co., 174 La. 49, 139 So. 755 (1932); Young v. International Paper Co., 179 La. 803, 155 So. 231 (1934); Beauvais v. D. C. Hall Transport, La.App., 49 So.2d 44 (2nd Cir. 1950); Schouest v. Texas Crude Oil Co., La.App., 141 So.2d 155 (1st Cir. 1962) cert. denied.
The essence of plaintiff's action, as evidenced by the primary demand for injunctive relief, is to prohibit an unlawful abuse of the predial servitude owed by plaintiff's estate to defendant's estate. Plaintiff's action herein lies not in tort, *748 but within the provisions of Article 660 of the Louisiana Revised Civil Code which provide, in part:
It is a servitude due by the estate situated below to receive the waters which run naturally from the estate situated above, provided the industry of man has not been used to create that servitude.
* * * * * *
The proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome.
In this respect the instant case is similar to the cases of McGee v. Yazoo & M.V.R. Co., 206 La. 121, 19 So.2d 21 (1944) and Devoke v. Yazoo & M.V.R. Co., 211 La. 729, 30 So.2d 816 (1947), wherein the Louisiana Supreme Court held that the prescriptive period of Articles 3536 and 3537 of the Louisiana Revised Civil Code did not apply to causes of action brought under Articles 666, 667, 668 and 669 of the Louisiana Revised Civil Code. In the McGee and Devoke cases, supra, it was noted that plaintiff's action was not in tort, but one springing from an obligation, imposed by operation of law, regarding the use and enjoyment of neighboring estates.
Plaintiff's alternative demand for damages is sought only in the event the court denies the primary prayer for injunctive relief. Such an alternative plea is urged in conjunction with the primary demand, and is designed to provide compensatory damages in lieu of the more stringent remedy of injunction. The jurisprudence has established the principle that in the discretion of the court compensatory damages may be awarded in lieu of injunctive relief. City of Harrisonville, Mo. v. W. S. Dickey Clay Mfg. Co., 289 U.S. 334, 53 S.Ct. 602, 77 L.Ed. 1208 (1932); Young v. International Paper Co., 179 La. 803, 155 So. 231 (1934); Adams v. Town of Ruston, 194 La. 403, 193 So. 688 (1940). Such damages are not subject to the prescriptive period found in Articles 3536 and 3537 of the Louisiana Revised Civil Code.
For the reasons assigned herein, the judgment of the District Court is reversed, the plea of prescription is overruled, and this cause is remanded to the First Judicial District Court in and for Caddo Parish for further proceedings not inconsistent with the views expressed herein.
Costs of this appeal are taxed against appellee, the balance of costs to await final disposition of the case.
Judgment reversed and remanded.