357 So.2d 615 (1978)
DYER & MOODY, INC.
v.
DYNAMIC CONSTRUCTORS, INC.
No. 11874.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
*616 William C. Bradley, Baker, for plaintiff-appellee Dyer & Moody, Inc.
E. Wade Shows, Baton Rouge, for defendant-appellee Dynamic Constr., Inc. & Title Ins.
Weldon J. Hill, II, and Aubrey McCleary, Baton Rouge, for third party defendant-appellant and third party plaintiff Eastern Development & Investment Corp.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge.
The facts of this case are not in serious dispute, and can be stated as follows: On November 9, 1965, by act of sale of record on November 10, 1965, in COB 1884, folio 272, of the official records of East Baton Rouge Parish, the plaintiff, Dyer & Moody, Inc. acquired a tract of land fronting 176 feet on Ray Weiland Drive in Bakerfield Subdivision of the City of Baker, East Baton Rouge Parish, Louisiana. Plaintiff, consulting engineers, have constructed an office building on the subject property.
Thereafter, on September 25, 1970, A & B Apartments, Inc., acquired by act of sale of record in COB 2136, folio 297, October 5, 1970, of the official records of said parish, a tract of land (with other lots) designated as Lot N, Bakerfield Subdivision, in the City of Baker, Louisiana. This property, which is presently owned by the defendant, Eastern Development & Investment Corp., lies immediately adjacent to the property of Dyer & Moody, Inc. on the east side of the plaintiff's property.
For a number of years there had existed a natural drain, in the form of a ditch, located on the western portion of the defendant's property, by which surface waters on the lands situated north, west and east of the defendant's property flowed generally in a southerly direction toward Ray Weiland Drive in said subdivision. Then, on or about November 9, 1970, A & B Apartments, Inc., as the owner of said Lot N in said subdivision, commenced the construction of an apartment project on said lot. During the course of the construction of said apartment buildings, the drainage ditch was filled in and the buildings obstructed the natural flow of the surface water, in such a manner as to cause said water to flow around the apartment buildings and drain across the plaintiff's property into Ray Weiland Drive.
Plaintiff, Dyer & Moody, Inc., filed a petition for mandatory and prohibitory injunction and for damages against Dynamic Constructors, Inc. on February 15, 1974, complaining of the obstruction of the natural servitude of drainage. On March 3, 1975, the plaintiff filed a supplemental and amending petition, seeking the same relief, but alleging that Dynamic Constructors, Inc. had sold the subject property to American Equity Investment Trust by act dated May 15, 1974, and recorded May 21, 1974, in COB 2363, page 530, of the official records of said parish, and naming said American Equity as a party defendant. By a second supplemental and amending petition filed on August 6, 1975, the plaintiff alleged that American Equity had sold to Eastern Development & Investment Corp. by act dated *617 March 4, 1975, of record on March 5, 1975, in COB 2410, page 360, of the official records of said parish, the property involved in this lawsuit, and named said Eastern Development as a party defendant.
In due course Eastern Development filed an answer in the nature of a general denial and filed a third-party demand, alleging that the Title Insurance Corporation of Pennsylvania had issued an owner's title insurance policy to Dynamic Constructors, Inc. or its assigns. The third-party petition alleged that the policy insured against loss or damage, and that as successor to Dynamic the third party petitioner, Eastern Development, was protected in the event Dyer & Moody recovered judgment against Eastern Development.
Then, exceptions of prescription were filed by defendants, Eastern Development & Investment Corporation, Dynamic Constructors, Inc., American Equity Investment Trust and The Title Insurance Corporation of Pennsylvania, based on the grounds that the cause of action, having accrued more than one year prior to the commencement of the action, had prescribed by the elapse of one year. The lower court maintained the exceptions of prescription "insofar as the same may apply to plaintiff's action for damages," but overruled the same insofar as it pertained to the petition for injunction.
Subsequently, motions for summary judgment were filed on behalf of Dynamic Constructors, Inc., American Equity Investment Trust and The Title Insurance Corporation of Pennsylvania. Considering that Dynamic and American Equity were no longer owners of the property involved in the lawsuit, the lower court granted summary judgment in their favor and dismissed them as defendants. The lower court also granted the motion for summary judgment in favor of Title Insurance, based on the owner's title insurance policy.
The matter was tried on the merits, at the conclusion of which the trial judge, with oral reasons dictated in the record, rendered judgment in favor of the plaintiff, Dyer & Moody, Inc., and against the defendant, Eastern Development & Investment Corp., in the amount of $19,203.00, which sum of money was awarded as compensatory damages in lieu of the mandatory injunction to which the plaintiff was entitled, but which was considered to be a "too harsh and impractical" remedy under the particular facts and circumstances. The amount of damages awarded by the lower court was the amount that he determined would be "the cost of providing a facility that would be adequate to accomplish what the natural drain used to accomplish on the adjoining property, on the property of the apartments, including the feasibility of putting part of it" on the plaintiff's property.
This matter is on appeal from the judgment rendered in favor of the plaintiff signed on July 6, 1977, and also on appeal from the summary judgment in favor of the third-party defendant, signed on June 28, 1977.
Appellant has urged four specifications of error to this Court:
1. The trial court erred in overruling the exception of prescription insofar as it pertained to the petition for injunctive relief.
2. The trial court erred in awarding the plaintiff the sum of $19,203.00 as compensatory damages in lieu of a mandatory injunction.
3. The trial court erred in ruling that the plaintiff was not estopped from asserting "its claim of a natural servitude of drain."
4. The trial court erred in granting the third party defendant's motion for summary judgment.
Specification of Error No. 1
There is no merit in appellant's assertion that plaintiff's action for injunctive relief had prescribed. Pursuant to LSA-C.C. Art. 660:
"It is a servitude due by the estate situated below to receive the waters which run naturally from the estate situated above, provided the industry of man has not been used to create that servitude.

*618 "The proprietor below is not at liberty to raise any dam, or to make any other work, to prevent this running of the water.
"The proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome."
We hold that Article 660 provides for a natural servitude, and that the applicable prescriptive article is LSA-C.C. Art. 795, which provides:
"Prescription for non-usage does not take place against natural or necessary servitudes, which originate from the situation of places."
Appellant relies upon the case of Dean v. Hercules, Inc., 328 So.2d 69 (La.1976), to sustain its exception of prescription. Dean is concerned with Article 667 of the Civil Code, and is in no way applicable to the Article 660 situation, which is governed by its own specific prescriptive codal article, Article 795.
Specification of Error No. 2
Appellant urges that the trial court erred in rendering a money judgment against Eastern Development & Investment Corp. as compensatory damages in lieu of a mandatory injunction.
In reaching his decision to award compensatory damages, the trial judge remarked, in his oral reasons for judgment:
"When we have a dominant estate which because of its position enjoys a servitude of drain across and onto the property of his neighbor, that estate is entitled for that servitude to continue. The servient estate or that estate that owes the servitude of drainage by virtue of its location and elevation is bound under the law not to disturb that servitude of drain. I find that this was in fact the point that drained the property both to the east of the apartments and to the west of the apartments, Mr. Moody's property and a considerable amount of property to the north of both properties. It is unquestioned in the evidence that the servitude has been effectively destroyed by the creation of improvements on the property to the east.
"What has really happened is that the servitude has been transformed and relocated into what now amounts to a servitude in favor of the same properties, but on Mr. Moody's property. It has been moved over about thirty or forty feet to the west, it's wider, not natural and, in fact, channelized as some of the witnesses put it, and he now drains his property the same as the natural drain used to and drains that property to the northeast of the apartments and property to the northwest of his property and property immediately to the rear, all of the property that the natural drainage used to drain.
". . . In situations like this where we attempt to apply the same articles of the Civil Code and say as a matter of law that a party is entitled to a mandatory injunction against one who blocks a natural drain, while not impossible it's too harsh and impractical to require the relocation of the apartments. The law has provided in such cases that compensatory damages can be awarded in lieu of the mandatory injunction."
We find that the case of Freestate Industrial Development Company v. T. & H., Inc., 188 So.2d 746, 748 (La.App. 2 Cir. 1966), in which the Court opined as follows, supports the trial judge's awarding of compensatory damages:
"Plaintiff's alternative demand for damages is sought only in the event the court denies the primary prayer for injunctive relief. Such an alternative plea is urged in conjunction with the primary demand, and is designed to provide compensatory damages in lieu of the more stringent remedy of injunction. The jurisprudence has established the principle that in the discretion of the court compensatory damages may be awarded in lieu of injunctive relief." (Citations omitted.)
As to the assertion on this point that the amount awarded by the trial judge was excessive, we need only remark that we *619 have reviewed the record and find no manifest error in the lower court's award.
Specification of Error No. 3
Appellant filed an amended answer alleging that the plaintiff was estopped from asserting its claim of a natural servitude of drain. The basis of this estoppel was that the plaintiff was the engineering firm which prepared the survey and plot plan for the initial construction of the apartment complex on the subject property, and should have known of the existence of this servitude of drain and affirmatively indicated same to the defendant, who relied on said survey to its detriment.
In considering the plea of estoppel, the trial judge found that the plaintiff had not participated "engineeringwise or made any studies or any recommendations to the owner, but that his services were limited to that of establishing boundaries and locating the improvements, the slab of the completed building or at some stage of the construction he simply located the building on the property and located the property corners." The trial judge also found as a fact that the plaintiff did not just stand idly by and allow the improvements to be made to the detriment of the owner having them constructed. The record supports this factual finding of the trial court. There is nothing in the record to indicate that Dyer & Moody, Inc., the plaintiff, should be estopped in this action, when it persistently tried to work out the drainage problem on an amicable basis with the appellant's predecessors in title.
Specification of Error No. 4
This particular specification did not concern the plaintiff-appellee, and has been responded to by the third-party defendant, The Title Insurance Corporation of Pennsylvania, and is concerned with coverage under the owner's title insurance policy issued by the third-party defendant to Dynamic Constructors, Inc., a predecessor in title of the appellant, Eastern Development & Investment Corp.
Our examination of the policy reveals that coverage is not afforded the appellant, as concluded by the trial court, in its granting of the motion for summary judgment. The policy specifically states that it provides coverage only for losses sustained as a result of:
"1. Title to the estate or interest described in Schedule A being vested otherwise than as stated therein;
2. Any defect in or lien or encumbrance on such title;
3. Lack of a right of access to or from the land; or
4. Unmarketability of such title."
It is clear from the nature of the present lawsuit that "title" is in no way involved. The fact that an owner of the subject property obstructed a natural servitude of drainage did not create a defect in the title to the subject property.
Moreover, the policy specifically excludes from coverage:
"1. Any law, ordinance or governmental regulation (including but not limited to building and zoning ordinances) restricting or regulating or prohibiting the occupancy, use or enjoyment of the land, or regulating the character, dimensions or location of any improvement now or hereafter erected on the land, or prohibiting a separation in ownership or a reduction in the dimensions or area of the land, or the effect of any violation of any such law, ordinance or governmental regulation. . . ."
Louisiana Civil Code Article 660 restricts the building of any work that would prevent the natural running or flow of water; and, consequently, restricts the use or enjoyment of the land within the express exclusionary clause of the subject title insurance policy.
For the assigned reasons, the judgment of the trial court is affirmed at the costs of Eastern Development & Investment Corp., defendant-appellant.
AFFIRMED.