579 So.2d 420 (1991)
Donald P. GAHARAN
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
Consolidated with
Carol W. EUBANKS, et al.
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
Nos. 90-CC-1911, 90-CC-1887.
Supreme Court of Louisiana.
May 6, 1991.
William J. Guste, Jr., Atty. Gen. and David E. Lafargue, Sp. Asst. Atty. Gen., for State of La. Dept. of Transp. and Development, defendant-applicant.
V. Russell Purvis, Smith, Taliaferro, Seibert, Boothe & Purvis, Jonesville, for Caroll W. Eubanks, et ux, Rev. S.R. Brooks, et ux, Doris Alexander, and Lula Richardson, plaintiff-respondent.
Donald Wilson, Gaharan & Wilson, Jena, for Donald P. Gaharan, plaintiff-respondent.
*421 CALOGERO, Chief Justice.
The State's improvements to Louisiana Highway 8 in Catahoula Parish in the year 1978 obstructed natural drainage, which led to three flooding incidents within the nine years following completion of the project. Suits were brought by seven owners of nearby property to enjoin the obstruction to the natural drainage and to secure damages arising from the three floods. The case is yet in a pretrial posture. The merit of the State's exceptions of prescription are at issue.
Originally, the court of appeal simply granted writs, reversed the trial court's denial of the State's exceptions of prescription, and dismissed all of plaintiffs' claims. Then, in response to an application, this Court granted writs, upset the court of appeal judgment and remanded to the court of appeal for briefing, argument and opinion. 558 So.2d 562. The court of appeal thereafter decided that it had earlier erred in only one of two respects. It held that while plaintiffs' claims for damages had indeed prescribed, their claims for injunctive relief had not.
That court of appeal opinion, which is now under review in this Court, found that because prescription does not run against plaintiffs' natural servitude of drain, their claim for a mandatory injunction to remove the obstacles to the drainage had not prescribed. 566 So.2d 1007. It stated, essentially, that R.S. 9:5624 (two year prescription when private property is damaged for public purposes) would not provide the State with immunity from an injunctive relief action which is normally imprescriptible simply because it is a public body rather than a private person. The court further found that plaintiffs' action for damages had prescribed under the same two year prescription of R.S. 9:5624, and that the district court was clearly wrong in finding that prescription had been interrupted by the State's acknowledgement of plaintiffs' claims.
The court of appeal also recognized that should plaintiffs prevail at trial on their claims for injunction, ordering removal of the obstruction (possibly destruction of the improvements to the highway) might prove to be too harsh a remedy. Citing J. Weingarten, Inc. v. Northgate Mall, Inc., 404 So.2d 896 (La.1981) and Dyer & Moody, Inc. v. Dynamic Constructors, 357 So.2d 615 (La.App. 1st Cir.1978), the court of appeal found sufficient precedent in the jurisprudence to permit the district court, should it find that plaintiffs were entitled to an injunction but that such relief would be too burdensome on the State, to fashion an alternative remedy, possibly compensatory damages.
The State's writ application urges that the court of appeal erred in finding that the prescription provisions of La.R.S. 9:5624, while applying to the damage claims, did not apply to plaintiffs' claims for injunctive relief. Plaintiff Gaharan's application, protective in nature,[1] urges first that the court of appeal was correct in finding that the injunction claims had not prescribed. He contends also, in what is an alternative contention, that the district court was correct and should not have been overturned by the court of appeal when it found that R.S. 9:5624 did not apply to the damage claims, and that additionally all prescriptive periods had been interrupted by the State's acknowledgement of the claims.
The principal reason we granted writs in this case was to decide whether a claim for injunction has prescribed, and if it has not, and plaintiffs ultimately prove their entitlement to injunctive relief, whether a court determined disposition might permissibly include compensatory damages in lieu of removal of the obstruction. Responsive to a concededly protective writ by the plaintiff Gaharan in this case,[2] we granted his writ to examine a fall back position, which is, *422 that in the event he should lose on the continued viability of his injunction action (the first issue noted above), we should examine his alternative contentionthat the prescription provisions of R.S. 9:5624 do not apply to plaintiffs' damage claims (and that in all events, there was an interrupting acknowledgement by the State).

FACTS
The following facts have been stipulated. The State of Louisiana owns and maintains La. Highway 8 in Catahoula Parish. In 1977, the State began an improvement project on the highway which involved constructing a bridge over Rhinehart Creek. The roadbed of the highway was raised by approximately two and a half feet. The construction was completed in 1978. This construction interfered with the natural drainage in the area, which led to the flooding of the plaintiffs' adjacent properties on three occasions: December 26, 1982; May, 1983; and November, 1987.
Plaintiffs filed lawsuits seeking damages and injunctive relief. The latter was in order to effect a discontinuance of the obstruction of the natural drainage. Plaintiff Gaharan filed suit on December 23, 1985, three days shy of the third anniversary of the first flood. All other plaintiffs, except Mrs. Richardson, filed their suits on February 22, 1988. Mrs. Richardson filed on January 9, 1989. The DOTD filed exceptions of prescription in all of the lawsuits, claiming that the matters had prescribed under the two year prescriptive period of La.R.S. 9:5624.

CLAIMS FOR INJUNCTIVE RELIEF
A natural servitude of drain is owed by an estate situated below to receive the surface waters that naturally flow from an estate above. La.C.C. art. 655. The owner of the servient estate may not do anything to prevent the flow of the water. La.C.C. art. 656. It has been stipulated that the State in this case has obstructed the natural drainage in the area.
Plaintiffs, as owners of the dominant estates, are therefore entitled to injunctive relief requiring the State, as owner of the servient estate, to remove the obstacles which interfere with the natural drainage. Poole v. Guste, 261 La. 1110, 262 So.2d 339 (1972); Summerville v. Missouri Pacific Railroad Co., 509 So.2d 639 (La.App. 3d Cir.1987); Dyer & Moody, Inc. v. Dynamic Constructors, 357 So.2d 615 (La.App. 1st Cir.1978); Boxill v. Metrailer, 358 So.2d 986 (La.App. 1st Cir.1978).
The prescription of nonuse does not run against natural servitudes. La. C.C. art. 758. Therefore, an action for injunctive relief to enforce a natural servitude does not prescribe. Dyer & Moody, Inc. v. Dynamic Constructors, supra. Furthermore, R.S. 9:5624 is no impediment to bringing such an injunction action, because that statute concerns prescription of any and all actions for damages when private property is damaged for public purposes.
La.R.S. 9:5624 provided (prior to its 1987 amendment):
When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained.
The conclusion in Nuckolls v. Louisiana State Highway Department, 337 So.2d 313 (La.App. 2d Cir.1976), relied on by the State in its argument that the injunction actions have prescribed in this case, is not persuasive. Injunctive relief may indeed be a harsher remedy than monetary damages, as the Nuckolls court stated. Nonetheless, it is a distinctively different form of relief. To the extent that Nuckolls holds that actions for injunction against public bodies as in this type of case are prescribed under R.S. 9:5624 (contrary to the court of appeal here, which opined that there is no reason why a public body as owner of a servient estate should enjoy any more protections from injunctive relief for the violation of drainage rights than a private party), we expressly disapprove. That holding in Nuckolls is therefore overruled.
The actions for injunction in these cases have not prescribed. That brings us to the court of appeal's assertion in its opinion *423 that when implementation of a right to a mandatory injunction would be too harsh, an alternative remedy within the permissible latitude of existing law can be fashioned. While that juncture in this case will not be reached until plaintiffs prove their entitlement to an injunction in the trial on the merits, the court of appeal's discussion, and our holding here, are quite pertinent to the forthcoming resolution of the case in the district court, and a relevant consideration in our deciding whether the right to an injunction against the State in a case of this sort is imprescriptible.
While injunctive relief is clearly the preferred remedy for the owner of an estate that is found to be due a servitude of drain, there may be exceptional circumstances which would make the granting of injunctive relief, an essentially equitable remedy, inappropriate or impermissible. The cases of Poole v. Guste, 261 La. 1110, 262 So.2d 339 (1972) and Boxill v. Metrailer, 358 So.2d 986 (La.App. 1st Cir.1978) discuss this proposition of law.[3] Another more recent decision, not involving a servitude, rather a breach of contract, and where mandatory corrective measures were found to be greatly disproportionate in cost to the actual damage caused, no longer in the creditor's interest and of substantial negative effect upon the interests of third parties, is J. Weingarten, Inc. v. Northgate Mall, Inc., 404 So.2d 896 (La. 1981). In that case, this Court stated that although specific performance is a proper remedy for a breach of contract, such would not be countenanced, and that the plaintiff was "not without remedy because it is entitled to be compensated fully in damages for any loss it sustains as a result of the breach of contract."
In this case, upon remand, if the trial court finds that the State is obstructing plaintiffs' natural servitude but that compelling circumstances exist, it may fashion a reasonable alternative remedy to mandating removal of the obstruction. Compensatory damages is one possibility. This was the holding in Dyer & Moody, supra, where the First Circuit allowed an award of compensatory damages in lieu of an injunction to remove the obstacle to natural drainage, because ordering removal would have been too harsh and impractical.[4] The court of appeal in this case was correct in asserting that the district court will be at liberty to consider compensatory damages in lieu of a mandatory injunction. If imposed, such damages will constitute an equitable alternative in lieu of mandatory injunction, discretionarily imposed by the trial judge as a substitute for removal of the obstruction, and not simply calculated on damages proven to have occurred on one or more occasions in the past and/or prospective damages from floods in the future. One possible measure or guide for this damages alternative which comes to mind is the loss to plaintiffs in the reduction in value of the their properties.

CLAIMS FOR DAMAGES
Regarding the court of appeal's determination that plaintiffs' damage claims arising out of the three flooding incidents had prescribed in two years from the date of the first flood under R.S. 9:5624, and that the trial court was incorrect in finding otherwise, we find that plaintiff Gaharan's writ in this regard was improvidently granted and should be recalled without disposition on its merit. This is for the reason that having affirmed the court of appeal regarding the injunction, there is no need, *424 indeed no request by relator, to address the issue or issues.
In Garahan's application for writs, he specifically asserted that he was not aggrieved by the result of the judgment of the court of appeal, but that only should the State of Louisiana seek and obtain supervisory review, and only if this Court should determine that the judgment of the court of appeal allowing him to continue to seek injunctive relief should be reversed or modified for any reason, would he have us review and reverse that part of the judgment of the court of appeal which sustained the prescription exception under R.S. 9:5624. Moreover, counsel for Gaharan specifically reconfirmed this position in oral argument when he said that he was satisfied with the opinion of the court of appeal and that he "would just as soon leave this case in the posture in which the court of appeal wrote it."
Having responded favorably to his outset position that we should affirm the court of appeal regarding the viability of the injunction action, it becomes unnecessary that we address and resolve the issues raised in Garahan's application for writs. Accordingly, we will dismiss the writ in No. 90-CC-1887 as unnecessarily, if not improvidently, granted.

Decree
For the foregoing reasons, the judgment of the court of appeal, insofar as it found that the claims for injunctive relief have not prescribed, is affirmed (No. 90-CC-1911). Plaintiff Gaharan's application for writs is dismissed as improvidently granted (No. 90-CC-1887). The case is remanded to the district court for further proceedings.
JUDGMENT OF COURT OF APPEAL AFFIRMED (No. 90-CC-1911); RELATOR GAHARAN'S WRIT DISMISSED (No. 90-CC-1887); REMANDED TO DISTRICT COURT.
LEMMON, J., concurs.
NOTES
[1] Plaintiffs are apparently satisfied with the court of appeal judgment which would allow them to continue pursuit of the mandatory injunction, and to seek compensatory damages in the alternative, should an injunction be found too burdensome a remedy.
[2] Only plaintiff Gaharan applied to this Court seeking a writ. The other plaintiffs are properly here only to defend the court of appeal's judgment regarding their injunction claims, against the the contrary position presented in the State's application which this Court granted.
[3] In Poole, this Court found that substantial damage to the dominant estate, as well as the substantial interference with the owners' right to use their property, precluded any consideration of whether a balancing of equities is ever permissible in denying injunctive relief and allowing defendant to merely pay damages. In Boxill, the First Circuit explained Poole to mean that unless there is a substantial interest to be served or an exceptional circumstance is presented, an injunction will be awarded to the owner of a dominant estate. See Boxill, 358 So.2d at 992.
[4] In Dyer & Moody, defendant constructed an apartment building and filled in a ditch which had acted as a natural drain, thereby obstructing the natural flow of the water and causing water to flow on plaintiff's property. Plaintiff filed a petition for damages and for a mandatory injunction to remove the obstruction to the natural servitude of drain.