620 So.2d 954 (1993)
Carol W. EUBANKS, et al., Plaintiffs-Appellees,
v.
STATE, DOTD, Defendant-Appellant.
No. 92-958.
Court of Appeal of Louisiana, Third Circuit.
June 23, 1993.
*955 Virgil Russell Purvis, Jr., Jonesville, for Carol W. Eubanks, et al.
David Edwin Lafargue, Marksville, for State, DOTD.
Before DOUCET, LABORDE, YELVERTON, THIBODEAUX and SAUNDERS, JJ.
THIBODEAUX, Judge.
This is an appeal of a judgment for compensatory damages in lieu of a mandatory injunction against the State of Louisiana, through the Department of Transportation and Development, in favor of plaintiffs, Carol and Mary Jon Eubanks, Lula Richardson, and Doris Alexander, for the State's interference in plaintiffs' servitude of natural drainage. It was stipulated at trial that improvements made by the State to Louisiana Highway 8 interfered with the servitude of natural drainage benefiting plaintiffs' property and that it was not feasible for the State to remove the improvements or prevent the flooding. As a result, the trial judge fashioned an award for compensatory damages which is the subject of this appeal. For the following reasons, we reverse in part, and affirm in part and render.

FACTS
The facts are mostly undisputed. Louisiana Highway 8 in Catahoula Parish is owned and maintained by the State. In 1975, contracts were entered into by the State to make certain improvements to the highway. The improvements were completed in February of 1978. After the completion of the improvements, nearby Rhinehart Creek overflowed on three different occasions in the course of nine years and flooded plaintiffs' property. It has been *956 stipulated that the improvements interfered with the servitude of natural drainage and caused the flooding. Suit was originally brought by seven owners of affected property seeking damages and an injunction against the State to prevent further intervention with the servitude.
The present case was consolidated with "Gaharan v. State through D.O.T.D." The State filed exceptions of prescription, which were heard by the trial court and addressed, on writs, by this court and the Louisiana Supreme Court in Gaharan v. State through D.O.T.D., 566 So.2d 1007 (La.App. 3d Cir.1990), and Gaharan v. State through D.O.T.D., 579 So.2d 420 (La. 1991), respectively. The Supreme Court affirmed our holding that the right to bring an injunction against one who interferes with a natural servitude of drain is not subject to prescription of nonuse. We were likewise in agreement that, should the right to injunction exist, it may prove impractical or unfeasible to enforce and the trial judge may be in a position to fashion a compensatory damage award instead.
The case was remanded to the trial court for disposition of the claims. All parties settled, except those presently before this court. The remaining plaintiffs' claims were tried on December 5, 1991. The parties agreed that injunctive relief was not feasible, requiring the trial judge to fashion compensatory damage awards. He did so, basing it on the damage assessment provisions of LSA-R.S. 13:5111. He utilized the expert testimony of plaintiffs' appraiser, A.B. White, Jr., and set diminution of the value of the properties in question at seventy-five percent. This amounted to an award of $59,700.00 to the Eubanks and $50,000.00 to Alexander and Richardson for the reduction of value of their property. He also made awards for mental anguish of $50,000.00 each to the Eubanks, and $25,000.00 each to Alexander and Richardson. Finally, he awarded attorney's fees equal to one third the amount of recovery, plus interest.

ISSUES
The State raises the following issues:
(1) Whether or not Alexander and Richardson had the right to bring an injunction claim at the time they joined the suit;
(2) Whether or not the trial judge erred in including mental anguish in his damage awards and in assessing attorney's fees;
(3) Whether or not plaintiffs' injunction claim is barred by a conventional servitude of drain acquired by the State by ten year acquisitive prescription; and
(4) Whether or not the trial judge erred in relying on plaintiffs' expert in determining the reduction of value of their property.
Plaintiffs filed an answer and assert these issues:
(1) Whether or not the trial judge erred in not awarding them damages for their physical losses as a result of the floods; and
(2) Whether or not the trial judge erred in finding certain claims had expired.

DISCUSSION

A. Right of Action
This issue raises the question of whether or not Alexander and Richardson had a right of action when they filed their injunction claims. A peremptory exception of no right of action was not filed at either the trial or appellate court level. The question of their right of action comes to us solely by way of the State's brief. We are authorized to take notice of an exception of no right of action on our own motion should we recognize its applicability. Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984); Homer Nat. Bank v. Tri-District Development Corp., 534 So.2d 154 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1236 (La. 1988). We hereby exercise this authority.
The State argues that Alexander and Richardson had no right to enjoin it from interfering with the natural servitude of drain because they did not own the affected property at the time they joined the suit. Alexander filed suit in February of *957 1988 and Richardson in January of 1989. However, by their own admission, they sold their flood-prone property in 1987.
The natural servitude of drain is a predial servitude arising from the natural situation of the estates whereby the estate below is bound to receive naturally flowing surface waters from the estate above. LSA-C.C. arts. 654, 655. The lower estate is the "servient estate" as it is accepting the "charge" of the water to the benefit of the higher, or "dominant," estate. LSA-C.C. arts. 646, 647. Upon transfer of ownership, the predial servitude passes with the dominant estate, as they cannot be sold separately, and continues as a charge on the servient estate. LSA-C.C. art. 650. Comment (c) to LSA-C.C. art. 650 explains further:
* * * * * *
(c) Changes in the ownership of the two estates are immaterial. The person who happens to be the owner of the servient estate is bound to suffer the exercise of the right of servitude by the person who happens to be the owner of the dominant estate. This follows from the nature of predial servitudes as real rights which give rise to real obligations.

* * * * * *
Prior to selling their property, Alexander and Richardson were owners of a dominant estate that benefited from a servitude of natural drainage received by property owned by the State. As dominant estate owners, they held the right to enjoin the State from interfering in the enjoyment of the servitude. By transferring ownership in the sale, the dominant estate and the attached predial servitude became the property of the new owners. Alexander and Richardson no longer held a right to enjoin the State from interfering with it because they no longer held rights to the servitude. The damage award was made because mandatory injunction was not feasible. With no right to the injunction, they likewise had no right to the damage award. Consequently, we reverse the trial judge's award of compensatory damages in favor of Alexander and Richardson.
Reversal of the judgment as to Alexander and Richardson makes it necessary for us to consider the remaining issues only as they affect the judgment in favor of the Eubanks.

B. Appropriation, Mental Anguish and Attorney's Fees
This assignment arises because the trial judge stated in his reasons for judgment that:
The effect of this court's ruling is to appropriate a servitude prevention of drain across the plaintiff's [sic] property. Accordingly, this court will follow LSA 13:5111 in determining damages.
The State argues that the trial judge ignored this court's ruling in Gaharan, supra, where we specifically ruled that "a taking" as contemplated by LSA-R.S. 13:5111 had not occurred.
When the reasons of the trial judge are read as a whole, we do not think the trial judge intended to apply the law of the statute directly. Rather, it is our view that he intended only to use it as a guideline to fashion the necessary damage award. We stated in Gaharan that the flooding in the present case does not rise to the level of a permanent deprivation of property, but presently we see nothing illogical in the trial judge's use of the statute's remedy provisions for guidance. That, in and of itself, is not error.
We do, however, find error in his award of attorney's fees under the statute. It is well settled jurisprudence that attorney's fees awards are available only when authorized by statute or contract. Taylor v. Dowden, 563 So.2d 1294 (La.App. 3d Cir. 1990), writ denied, 568 So.2d 1057 (La. 1990); Blackie's Rental Tool & Supply Co., Inc. v. Vanway, 563 So.2d 350 (La. App. 3d Cir.1990). While we find nothing to prohibit the trial judge from using R.S. 13:5111 as a guideline in fashioning the damage award, in accord with our ruling in Gaharan, the substance of the statute is not applicable to the present case and cannot empower the trial judge to award attorney's fees. Lacking authority from some other acceptable source, we must reverse the trial judge's award of attorney's fees.
*958 The State also asserts it was error for the trial judge to include mental anguish in the damage award. It argues that mental anguish is a damage included in those we previously ruled prescribed, barring plaintiffs' recovery. This argument ignores the plain language of our ruling in Gaharan at page 1010:
The fact that the circumstances may ultimately result in effectively withholding from the DOTD the enjoyment of the benefits of the accrual of prescription of the damage claims, is irrelevant.
Mental anguish is considered an actual or compensatory damage. McGee v. Yazoo & M.V.R. Co., 206 La. 121, 19 So.2d 21 (La.1944). When the Louisiana Supreme Court entertained Gaharan, it reiterated our discussion regarding the availability of compensatory damages. It described, on page 423, compensatory damages as the following:
[A]n equitable alternative in lieu of mandatory injunction, discretionarily imposed by the trial judge as a substitute for removal of the obstruction...
The trial judge faced a situation where no exact estimate of damages was available. Lacking an exact estimate of damages, he was free to base his conclusions on the facts and circumstances particular to the case. Moore v. Thornwell Warehouse Association, 524 So.2d 828 (La. App. 3d Cir.1988); Tide Craft, Inc. v. Red Ball Oxygen Co., Inc., 514 So.2d 664 (La. App. 2d Cir.1987), writs denied, 516 So.2d 135, 136 (La.1987). Obviously, the trial judge felt equitable relief required him to include mental anguish in the damage award. The record supports the view that the Eubanks suffered mental anguish as a result of the flooding of their property. That they might suffer further mental damages in future floods is also a viable concern. We find no abuse of discretion on the part of the trial judge for including mental anguish in the damage award. This assignment is without merit.

C. Acquisitive Prescription of Servitude
The State argues that it has acquired a conventional servitude of drain by ten year acquisitive prescription. It contends prescription began to run in July of 1977, when the improvements were accepted as complete, and the servitude was acquired before the present plaintiffs filed suit in 1988. Because it acquired the servitude of drain, the State contends plaintiffs were barred from asserting their right to an injunction.
Acquisitive prescription of a continuous apparent servitude is provided for by LSA-C.C. art. 742, enacted in 1977 and made effective on January 1, 1978. The effective date of the code article is important because it clearly provides that good faith and just title are necessary for ten year acquisitive prescription of a continuous apparent servitude. Prior to its enactment, the law was unsettled on that point. Before article 742 became effective, articles 765 and 3504 of the Louisiana Civil Code of 1870 provided a conflict of jurisprudential interpretation of the requirements for ten year acquisitive prescription of a continuous apparent servitude. If the date on which the State claims prescription began to run is believedJuly of 1977we would be required to come to a definitive interpretation of the antiquated provisions of articles 765 and 3504. Though we would welcome the opportunity to clarify this long muddled and unsettled matter, at present it is not appropriate because the State previously stipulated to a completion date of February of 1978.
Prior to the hearing on the exceptions of prescription, a discussion was held between counsel for all parties and the presiding judge concerning certain stipulations. Of particular concern, was the date upon which the improvements to Highway 8 were completed. The result of the discussion was a stipulation that the improvements were completed in February of 1978. A stipulation effectively binds all the parties and the court. Mathew v. Aetna Cas. and Sur. Co., 578 So.2d 242 (La.App. 3d Cir.1991). It is the highest form of proof. February of 1978 was the date relied upon by the judge during the hearing as well as this court and the higher court when the exceptions were taken up on writs. It is *959 the date that we shall again rely on when addressing this issue.
Application of LSA-C.C. art. 742 requires the State to be in good faith and have just title to the servitude in order to acquire it after ten years. Good faith is presumed and only rebutted where it is proved the adverse possessor knew or should have known he is not the owner of the thing he possesses. LSA-C.C. art. 3481. Just title, as described by LSA-C.C. art. 3483, is a "juridical act ... sufficient to transfer ownership or another real right." Comment (c) to art. 742 defines "just title" as "a title that would have established the servitude if it had been granted by the true owners."
Essentially, the State argues that its just title is evidenced by its title to the land upon which the improvements were done. This is not sufficient for just title under the article. The State offers nothing to show it purchased property benefited by a servitude of drain nor does it offer evidence of a granting of one to itself or to its ancestor in ownership. Lacking the requisite just title, the only way it could acquire the servitude of drain is by the accrual of thirty years of uninterrupted possession. Suit was filed before that condition was met. This assignment is without merit.

D. Appraisal of the Property
The State argues that the trial judge made an excessive award for diminution of the value of the Eubanks' property. It claims White, plaintiffs' appraiser, included the damage done by previous floods in assessing the devaluation of the property and also failed to reduce the devaluation finding by the amount of damage the property sustained in floods prior to the improvements. For support, it cites language by the Louisiana Supreme Court in its ruling in Gaharan, claiming the court admonished the trial court not to base a compensatory damage award on "damages proven to have occurred on one or more occasions." Gaharan, supra, 579 So.2d 420, at 423 (La.1991).
The language quoted by the State is an incomplete reproduction of what the court actually said and, as such, is not a fair representation of the court's intent. The language of the court directed the trial judge to consider compensatory damages as a remedy in lieu of mandatory injunction instead of only making a damage award based solely on past and future damage to property. The implication of the court's language is that the trial judge, if he believed it to be equitable relief, could fashion an award from the broad spectrum that is "compensatory damages" which encompasses actual or prospective property damage as well.
We discussed previously the discretion afforded the trial judge in making the damage award. Two appraisers representing opposing parties testified as to detrimental effect flooding had on the property. As one would expect, the testimonies differed. The trial judge, as trier of fact, determines which expert witness is the most credible. McLaughlin v. Fireman's Fund Ins. Co., 582 So.2d 203 (La.App. 1st Cir.1991), writ denied, 586 So.2d 536 (La.1991). The trial judge was aware of the facts and circumstances upon which White based his conclusion. The fact that the actual damage to the property was included in White's assessment does not render the trial judge's reliance on those figures an error. This assignment is without merit.

E. Answer to Appeal
We choose to combine the two issues plaintiffs raise in answering the appeal because they deal primarily with the same subject: damages. Plaintiffs assert the trial judge erred in not awarding damages for particular physical losses as well as for finding certain damages prescribed. We have previously gone into detail regarding the discretion afforded the trial judge in his attempt to fashion an equitable remedy. The situation he was faced with was quite uncommon and required him to offer a solution other than the one usually available. We believe that he handled the problem commendably. His award encompassed damages both physical and mental, actual and prospective. Neither the inclusion of certain damages in the award nor the exclusion of others amounts to an abuse of discretion.
*960 As to his finding that particular damage claims prescribed, he merely echoed the holding of this court on the exceptions of prescription in Gaharan. Contrary to plaintiffs' argument, the higher court did not address the prescription of damages. We ruled certain damage claims had prescribed. A writ, taken by the State, was granted by the Louisiana Supreme Court so that it might address our ruling that prescription of nonuse did not apply to a natural servitude. No writ was taken on our ruling on prescription of damages and, consequently, the issue is considered res judicata. These issues lack merit.

CONCLUSION
For the foregoing reasons, the portion of the judgment in favor of Lula Richardson and Doris Alexander is reversed. Furthermore, the judgment of attorney's fees in favor of all parties is also reversed. The judgment, for damages for reduction of property value and mental anguish, in favor of Carol and Mary Jon Eubanks is affirmed.
Appellant, State of Louisiana, through the Department of Transportation and Development, is charged with court costs at both the trial and appellate levels in the amount of $1,465.50.
REVERSED IN PART; AFFIRMED IN PART, AND RENDERED.
SAUNDERS, J., dissents and assigns written reasons.
SAUNDERS, Judge, Concurring in part; Dissenting in part,
I agree with the majority except as to their decision to reverse the award of attorney's fees. I feel that the trial court was justified in awarding attorney fees to the successful plaintiffs. In the companion case of Gaharan v. State Through DOTD, 579 So.2d 420 (La.1991), the Louisiana Supreme Court remanded with instructions to the trial court that "... if the trial court finds that the State is obstructing plaintiffs' natural servitude but that compelling circumstances exist, it may fashion a reasonable alternative remedy to mandating removal of the obstruction. Compensatory damages is one possibility."
The remedy fashioned by the trial court, including attorney fees, is a reasonable alternative to mandatory removal of the obstruction and, even with the award of attorney fees, is far less onerous to the state than would be a mandate to remove the obstruction. Accordingly, it seems clear that the trial court's action was within the authority granted to it by the Supreme Court and its judgment should be upheld.
For the foregoing reasons, I respectfully dissent.